

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-6448
Re: Legality of certain bonds
to be issued for the pur-
pose of refunding bonds now
held by Bexar County by vir-
tue of the investment of
Sinking Funds of certain
bond issues now held by
such County.

We are in receipt of your letter of recent date, read-
ing as follows:

"The Auditor of Bexar County, Texas, Mr. Edgar
Garvey, has requested of this office an opinion rela-
tive to the legality of certain bonds to be issued for
the purpose of refunding bonds now held by Bexar County
by virtue of the investment of Sinking Funds of certain
bond issues now held by such County; the bonds in ques-
tion being enumerated in a contract between Bexar County
and Dewar, Robertson and Pancoast, et al, dated April 4,
A. D. 1945. A copy of this contract is enclosed here-
with, as well as a copy of the original request of the
County Auditor above referred to.

"After receiving this request, certain personali-
ties have entered into the discussion thereof, and cer-
tain unwarranted accusations have been directed by the
bonding companies towards this office, and for this
reason we deem it advisable to transmit to you this file
with the request that you kindly answer the legal ques-
tions propounded by our County Auditor, as well as an
additional question which this office wishes to pro-
pound to you.

"The bonds sought to be refunded are issued in
refunding time warrants theretofore issued by virtue

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the provisions of Art. 2368A of the Revised Civil Statutes of the State of Texas, and are such bonds, we believe, as are held to be not refundable in the case of Jefferson County v. Sellers, 180 S. W. (2d) at page 138.

"It would therefore seem that if the same are therefore refundable, they would be so by virtue only of the fact that they are owned and controlled by the refunding authority.

"You will note also from the letter of the County Auditor to this office that there is, at the present time, in the Sinking Fund of these several bonds, the aggregate sum of Sixteen thousand ($16,000.00) Dollars, which is at this time available for the purpose of retiring a portion of the bonds now in Bexar County's hands, and sought by this contract to be refunded.

"The questions propounded by the County Auditor are as follows:

"(1) Can these four bond issues be legally refunded, as these bonds issues are serial bonds and are not optional bonds? (See Cockran County Case and Paragraph 3 of this letter)

"(2) If these bonds can be legally refunded, can they be refunded by a bond issue with a maturity subsequent to the maturity of the bonds being refunded? (See Paragraph 5 of this letter)

"(Both above references being to the letter of the County Auditor)

"In addition thereto, the question propounded by this office is as follows:

"There being in the various sinking funds of the bond issues in question the sum of $16,000.00, which is available for the purpose of retiring bonds now sought to be re-

funded, is it or not incumbent upon the
Commissioners' Court to apply such funds
to the retirement of the available bonds,
and refund only that portion in excess
of such amount?

"Your early answer to the above questions will be
greatly appreciated by this office."

The first question propounded by the County Auditor is
answered in the affirmative. The matter of refunding outstanding
bonds is one for the Commissioners' Court to determine. Section 7
of Article 2368A reads,in part, as follows:

"Sec. 7. The Commissioners' Court of any county
or the governing body of any city in the State of Texas
may pass all necessary orders and ordinances to provide
for funding or refunding the whole or any part of the
legal debt of such county or city, by cancelling evid-
ences thereof and issuing to the holders or creditors,
notes, bonds or treasury warrants with or without coupons,
bearing interest payable annually or semi-annually at a
rate not to exceed six per cent (6%) per annum. The
exercise of such authority shall be regulated as follows:

"(a) Such Commissioners' Courts and such governing
bodies shall have the right at all times to issue refund-
ing bonds for the refunding of any outstanding bonds legal-
ly issued and outstanding matured interest on any legally
issued outstanding bonds, subject to laws applicable to
the issuance of refunding bonds and without the necessity
of any notice or right to a referendum vote.

"* * *

"(c) * * * The funding bonds hereby authorized
shall be payable serially not exceeding forty (40) years
from the date thereof, unless commissioners' courts or
governing body affirmatively adjudge that the financial
condition of such county or city will not permit in such
installments as will make the burden of taxation to sup-
port same, approximately uniform throughout the term of
said bond issue. Such bonds shall be executed and is-
sued in the same manner now provided by law for the

execution and issuance of bonds to refund outstanding
county or city bonds. Said bonds shall bear interest
not exceeding six per cent (6%) per annum, and shall
be approved by the Attorney General and registered by
the State Comptroller in the same manner as other county
or city refunding or funding bonds."

The Cochran County case held that bonds issued under a
particular chapter were optional whether expressed in the proceedings
or not, but did not hold that bonds which were not optional could not
be refunded with the consent of the holders of such bonds. Since the
Bexar County bonds are owned by sinking funds of certain other bond
issues under the control of the Commissioners' Court of Bexar County,
and that court has consented to the refunding thereof, it is the
opinion of this department that the four issues of bonds may be
legally refunded. This department has always approved refunding of
non-optional bonds with the consent of the holders of same.

The opinion in the case of Road District No. 1, Jefferson
County v. Sellers, 180 S. W. (2d) 138, does not hold that bonds cannot
be refunded with the consent of the holders of the outstanding bonds;
on the contrary, it holds that they may be refunded with such consent.
We quote the following from the opinion of the Court in that case:

"That article does authorize Commissioners' Courts
to refund any road bonds previously issued, or that may
be thereafter issued, by any road district. But the only
reasonable construction to be placed thereon is that it
was intended to authorize the Commissioners' Court to issue
refunding bonds for the road district when the old bonds
sought to be refunded were then redeemable, or when they
could be redeemed with the consent of the owner thereof."
(Italics ours)

The second question is answered in the affirmative also.
The only limitation in the law is that they shall mature not exceed-
ing forty (40) years from their date.

In answer to the question propounded by your office, we
think it is a matter within the discretion of the Commissioners'
Court, except that bonds maturing within the current year, if any,
should be paid out of the $16,000 in the sinking fund. We are of
the opinion that the Attorney General is without authority to require
the county to apply this money on future maturities. In the case of
City of Waco v. Mann, 127 S. W. (2d) 879, it was agreed that certain
bonds were due or would be due during the then current year and that

the city had levied and collected taxes sufficient to pay same. The Attorney General contended that said bonds so maturing should be paid with the money collected for that purpose and should not be refunded. The Court held that the Attorney General was correct in that contention.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        *C. F. Gibson*

C. F. Gibson
Assistant

CFG:EP

APPROVED MAY 5 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN